This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38250**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**YVONNE MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Yvonne Martinez appeals her conviction and sentence for one count of second degree homicide by vehicle, contrary to NMSA 1978, Section 66-8-101(C) (2016). Defendant asserts two claims on appeal: (1) the district court erred in denying her motion to exclude the results of her blood alcohol content test because the phlebotomist who drew her blood was not qualified to do so under NMSA 1978, Section 66-8-103 (1967); and (2) the district court erred, as part of its sentencing decision, in designating her crime a serious violent offense under the Earned Meritorious

Deductions Act (EMDA), NMSA 1978, § 33-2-34 (2015), because her offense is not so defined in the EMDA. Based on this Court's recent decision in *State v. Warford*, ___-NMCA-___, ___P.3d___ (No. A-1-CA-36798, Apr. 14, 2022), we affirm the district court's denial of Defendant's motion to exclude the blood test results. Based on this Court's recent decision in *State v. Montano*, ___-NMCA-___, ___P.3d___ (No. A-1-CA-38616, Feb. 10, 2022), however, we reverse the district court's determination that Defendant's crime is a serious violent offense.

**DISCUSSION**[1]

**I.      The Phlebotomist Was Qualified Under Section 66-8-103**

**{2}**      Following the accident underlying the charges, Defendant was taken to Presbyterian Española Hospital (Presbyterian) where her blood was drawn by a phlebotomist employed by TriCore Reference Laboratories (TriCore). Presbyterian had contracted with TriCore to run the hospital's laboratory services in an on-site laboratory owned by Presbyterian. The TriCore phlebotomist was a clinical laboratory assistant who had been working at Presbyterian for five years and was trained to do legal blood draws for law enforcement.

**{3}**      Defendant moved to exclude the blood test results based on the requirement in Section 66-8-103 that "[o]nly a physician, licensed professional or practical nurse or laboratory technician or technologist employed by a hospital or physician shall withdraw blood from any person in the performance of a blood-alcohol test." *See also* NMSA 1978, § 66-8-109(A) (1993) ("Only the persons authorized by Section 66-8-103 . . . shall withdraw blood from any person for the purpose of determining its alcohol or drug content."). Defendant argued that the TriCore phlebotomist was not authorized under Section 66-8-103 to draw her blood on the ground that the phlebotomist was not directly employed by a hospital or physician. After the district court denied the motion, Defendant conditionally pled guilty to one count of second degree homicide by vehicle, reserving her right to appeal the district court's ruling.

**{4}**      On appeal, Defendant advances the same argument she raised before the district court. Defendant's argument is foreclosed by *Warford*. In *Warford*, this Court addressed a substantially identical challenge to blood test results under Section 66-8-103 under substantially identical facts. *See Warford*, ___-NMCA-___, ¶¶ 4-7, 12. This Court held that (1) phlebotomists who possess requisite training and experience to perform blood draws are qualified as laboratory technicians under Section 66-8-103, so long as they are employed by a hospital or physician, *Warford*, ___-NMCA-___, ¶ 19; and (2) the term "employ," within the meaning of Section 66-8-103, encompasses the relationship in which a hospital contracts with a laboratory, such as TriCore, to perform the hospital's blood draws, *Warford*, ___-NMCA-___, ¶ 26. Defendant makes no

---

[1]Because this is an unpublished, memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and keep our discussion of the facts to a minimum.

challenge related to the TriCore phlebotomist's training and experience; instead, she limits her challenge to the purely legal argument that, to qualify under Section 66-8-103, the phlebotomist must be directly employed by a hospital or physician. For the reasons articulated in *Warford*, we reject Defendant's challenge and affirm the district court's denial of her motion to exclude the blood test results. *See* \_\_\_-NMCA-\_\_\_, ¶¶ 20-26.

## II. Second Degree Homicide by Vehicle Is Not a Serious Violent Offense Under the EMDA

{5}     Pursuant to a plea agreement, Defendant agreed to plead guilty to one count of second degree homicide by vehicle, contrary to Section 66-8-101, and the State agreed to dismiss the remaining charges. The parties agreed that Defendant would be sentenced to a term of imprisonment of twelve years, but made no other agreement as to sentencing. Consistent with the plea agreement, the district court sentenced Defendant to an effective term of imprisonment of twelve years. The district court also designated her crime a serious violent offense for purposes of the EMDA.

{6}     On appeal, Defendant contends the district court erred as a matter of law when it ruled that the crime of second degree homicide by vehicle may be deemed a serious violent offense under Section 33-2-34(L)(4)(o), even though such a crime is not enumerated in the statute. This claim is controlled by this Court's recent opinion in *Montano*, in which we held that "second degree homicide by vehicle, under Section 66-8-101, is not . . . defined [as a serious violent offense], and those convicted of this offense shall be deemed nonviolent offenders under the EMDA." *Montano*, \_\_\_-NMCA-\_\_\_, ¶ 19. Based on *Montano*, we reverse Defendant's sentence to the extent that it classifies her conviction for second degree homicide by vehicle as a serious violent offense under the EMDA. *See id.* ¶ 21.

## CONCLUSION

{7}     For the foregoing reasons, we affirm the district court's denial of Defendant's motion to exclude the blood test results but reverse Defendant's sentence to the extent that it classifies her conviction for second degree homicide by vehicle as a serious violent offense under the EMDA. We remand for the district court to correct Defendant's sentence consistent with this opinion and in accordance with *Montano*.

{8}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**